**ZHOU CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 06–1940–ag.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2007.

Douglas B. Payne, New York, New York, for Petitioner.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Zhou Chen, a citizen of China, seeks review of an April 4, 2006 order of the BIA adopting and affirming the December 10, 2004 decision of immigration judge ("IJ") Jeffrey S. Chase denying Chen's applications for asylum and withholding of removal. *In re Zhou Chen*, No. A79 742 355 (B.I.A. Apr. 4, 2006), *aff'g* A79 742 355 (Immig. Ct. N.Y. City Dec. 10, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

 We find that the agency's denial of Chen's application for asylum and withholding of removal was supported by substantial evidence. As a preliminary matter, the IJ correctly found that although Chen was credible, he did not establish that the events he described had a nexus to a protected ground, as is required in order to establish eligibility for such relief. 8 U.S.C. § 1101(a)(42). Chen's written application and testimony make clear that his family's encounters with Chinese authorities occurred because his father had illegally prescribed medication to an individual who later died.[1] That the prescription of this medication may have been part of a religious ceremony does not make this a mixed motives case, as Chen argues. When there may be mixed motives for a persecutor's actions, an asylum applicant is not required to show with absolute certainty why the events occurred; he is only required to show that the harm was moti-

---

1. Chen argues that the IJ erred because the record does not make clear what constitutes "the illegal practice of medicine" in China.

This argument is unavailing because Chen admitted during his testimony that his father dispensed medicine illegally.

vated, at least in part, by an actual or imputed ground. *Matter of S–P–*, 21 I. & N. Dec. 486, 494–95 (BIA 1996) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Here, however, any connection to religion is attenuated at best insofar as Chen admitted that his father's illegal prescription of medicine motivated the events that followed.

█ Even if these events had been motivated by some religious bias, the IJ's decision was still proper because, as the IJ noted, nothing the authorities did can be considered persecution. Indeed, by Chen's own admission, neither he nor his family were ever arrested or otherwise harmed by government officials. Accordingly, the IJ's finding that Chen had not established past persecution was supported by substantial evidence.

█ Nor did Chen establish a well-founded fear of future persecution. Even absent past persecution, an applicant can establish a well-founded fear of persecution by showing that he has a subjective fear and that his fear is objectively reasonable. *See Cao He Lin,* 428 F.3d at 399. Here, however, Chen made no such showing. Although Chen testified that he and his family fled after officials visited their home in the wake of a complaint filed against Chen's father, no evidence supports Chen's argument that he would be arrested or otherwise persecuted upon his return to China. Accordingly, the IJ properly found that Chen failed to establish a well-founded fear of persecution and, thus, his denial of Chen's asylum application was supported by substantial evidence.

█ Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Accordingly, the IJ's denial of this relief was also proper.

Although we deny the petition for review in this case, as in an unfortunate number of cases presided over by Immigration Judge Jeffrey S. Chase, we pause to note his inappropriate conduct during the merits hearing, conduct which Chen alleges violated his due process rights and denied him a fair hearing. Although we do not find any constitutional infirmity, we are nonetheless troubled, in particular, by one interchange between IJ Chase and the petitioner. During the hearing, when Chen was asked why police had not arrested him and his family when authorities visited their home, Chen responded that the presence of a number of villagers had dissuaded them. At this point, IJ Chase interjected, "These are the same villagers who turned in any woman who's pregnant to the, to the officials? The same villagers who report their next door neighbor if she's throwing up?" When Chen responded that the villagers would do no such thing, IJ Chase commented, "Oh, okay. Well then, boy, have I granted a lot of cases incorrectly."

We agree with the petitioner that these comments were wholly irrelevant to the proceedings inasmuch as this was not a family planning claim and there had been no testimony about pregnant villagers. By his comments, IJ Chase appeared to cast doubt on Chen's testimony not by reference to the record, but by reference to other proceedings. As we have previously commented, such intemperate remarks demean the witness, demean the govern-

ment, and demean the judicial system. *See Islam v. Gonzales,* 469 F.3d 53, 55 (2d Cir.2006).

■ Nonetheless, unlike other cases in which IJ Chase's remarks were coupled with findings unsupported by the record, *see Huang v. Gonzales,* 453 F.3d 142, 146–47 (2d Cir.2006), or where his conduct prevented this Court from conducting meaningful review, *see Islam,* 469 F.3d at 55, this case does not require remand. Chen's testimony was entirely consistent with the affidavit he submitted in support of his written application, and, to the extent that neither the affidavit nor Chen's testimony reveals even prima facie eligibility for the relief he sought, IJ Chase's conduct did not prevent Chen from fully presenting his claim; and its denial was therefore ultimately proper.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, and the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).